FARM BUREAU MUTUAL INSURANCE COMPANY OF INDIANA ET AL. *v.* GRILLS.

[No. 19,824. Filed February 18, 1964.]

*Paul W. Wycoff,* and *William W. Greeman,* both of Batesville, for appellants.

*Gay & Gay,* of Versailles, for appellee.

KELLEY, J.—This action was duly instituted by appellee, and his complaint, in material substance, alleged that the appellants, on or about April 16, 1960, "agreed" with appellee "to insure" him for one year upon his automobile against the hazard of expense for medical payments incurred by appellee within one year from the date of "accident" if appellee was "struck by a land motor vehicle"; that on May 4, 1960 appellee was struck by a land motor vehicle and, as a result thereof, suffered necessary medical, dental, surgical, ambluance, hospital and nursing services in excess of $2000.00; that appellee fully performed the terms and conditions of his "contract" with appellants and the latter refused his demand for payment; wherefore he prays judgment against appellants for the sum of $2000.00 "or the limits

of the policy", etc. No exhibits were attached to or made a part of the complaint.

Appellants answered the complaint in three paragraphs; the first, under the rules, was, in effect, a general denial of the allegations of the complaint essential to recovery; the second paragraph of answer alleged a "total failure of consideration" for the alleged insurance contract; and the third paragraph of answer set forth certain provisions of "the standard form of automobile policy contracts issued" by appellant, Farm Bureau Mutual Insurance Company, pertaining to Coverage C—Medical Payments, and alleged that appellee was not "struck by a land motor vehicle", but was injured when a jack slipped and allowed the automobile to fall upon appellee.

Appellee's oral request for leave to file replies to said second and third paragraphs of answer was denied by the court and, consequently, said answer entertained no reply. Upon the issues, so made, the cause went to trial by jury. The latter returned a verdict for appellee in the amount of $1000.00. Consistent judgment was rendered by the court on the verdict. Appellants' motion for a new trial was overruled and this appeal was taken therefrom.

Appellants attack the verdict as not sustained by sufficient evidence and as being contrary to law. We are inclined to the view that appellants' challenge to the verdict is well taken. It is alleged in rhetorical paragraph 3 of appellee's complaint that the appellants agreed to insure appellee "upon" his automobile,

"against, among other losses, the hazard of incurring expense for medical payments, that is to say, defendants agreed with plaintiff to pay the reasonable expense of necessary medical, dental, surgical, ambulance, hospital, and professional nursing

services, including the costs of prosthetic devices, all incurred within one year from date of accident, for the plaintiff if the plaintiff within the period of the coverage of the policy sustained bodily injury, caused by accident, if struck by a land motor vehicle."

In rhetorical paragraph 5 of the complaint, appellee alleged that he

"has fully performed all the terms and conditions of his contract with the defendants . . . ."

The aforesaid quoted allegations of the complaint were material allegations essential to recovery which appellee held the burden of establishing by evidence of probative value. However, the record is entirely devoid of any evidence of any insurance policy or contract, either written or oral, issued by appellants, or either of them; nor is there any evidence of the terms of any insurance policy or contract, either oral or written, issued by or agreed to be issued by the appellants, or either of them, to or for the benefit of appellee. The evidence discloses a written, undated application for automobile insurance, executed by appellee and describing his automobile, but said application does not contain any of the terms or provisions of the insurance applied for, except as to the coverages and limits as follows:

```
"    A. BI   $10,000 EACH PERSON
  X           $20,000 EACH ACCIDENT
       B. PD  $ 5,000 EACH ACCIDENT
              $1,000 EACH PERSON
  X  C. Med. $10,000 EACH ACCIDENT
  X  D. Comprehensive Actual Value
       E. Collision—80%–20%   X E4 Collision"
```

There is evidence that on April 23, 1960 appellee signed and delivered to appellant, Paul Hardy, as agent

of appellant, Farm Bureau Mutual Insurance Company, an undated "Counter Check" on the Ripley County Bank, Osgood, Indiana, to the order of "Farm Bureau Ins." for $92.10; that appellee did not then have funds in said bank to cover said check and that said Paul Hardy said "that he could hold a check for thirty days"; that said Paul Hardy then said to appellee that "he didn't have to worry any more, he was covered". It further appears from the evidence that no policy was issued by the appellant insurance company and said counter check was returned to appellee uncashed on June 1, 1960.

Assuming, without deciding, in favor of the verdict, that there was evidence from which the jury could have drawn the reasonable inference that the appellant insurance company "agreed" "to insure" appellee, as is alleged in the complaint, there is no evidence affording the jury any inference as to the terms and conditions of such agreed insurance or that appellee was to be insured against medical expenses for injuries sustained by reason of being "struck by a land motor vehicle."

The trial court apparently recognized this want of vital evidence because it gave to the jury the court's instruction No. 16 as follows:

"The alleged contract of insurance referred to in paragraphs 3 and 5 of plaintiff's complaint has not been introduced in evidence and is not before you. I have said to you that the plaintiff has the burden of proving, by a preponderance of the evidence, all of the material allegations of his complaint.

"I instruct you that the allegation that on or about April 16th, 1960 the defendants agreed with plaintiff to insure plaintiff for a period of one year from the date thereof, against, among other losses, the hazard of incurring expense for medical payments, that is to say, defendants agreed with plaintiff to pay the reasonable expense of necessary medical,

dental, surgical, ambulance, hospital, and professional nursing services, including the costs of prosthetic devices, all incurred within one year from date of accident, for the plaintiff if the plaintiff within the period of the coverage of the policy sustained bodily injury, caused by accident, if struck by a land motor vehicle, is one of the material allegations which plaintiff is bound to establish by a fair preponderance of the evidence before he would be entitled to recover herein.

"So, if you find that there is no evidence tending to prove the truth of this allegation, remembering that the plaintiff's complaint and the defendants' answers are not evidence in the case, or, if such evidence as you may find bearing on this issue is deemed insufficient to meet the requirements of "fair preponderance", as elsewhere defined, then I instruct you that there is a failure of proof on this issue and your verdict must be for the defendants."

It is difficult to appreciate the verdict of the jury in view of said instruction. We can only indulge the thought that the jury disregarded that part of said instruction which told them that "the defendants' answers are not evidence in the case" and adopted the allegations of appellants' third paragraph of answer descriptive of some of the provisions contained in standard form policies issued by appellant insurance company as the provisions which would have been contained in the unissued insurance contract mentioned in appellee's complaint. It is unfortunate that said third paragraph of answer was not withdrawn or stricken since, in effect, it alleged no more than a particularized denial of material allegations of the complaint. The complaint alleged that appellee was struck by a land motor vehicle and said third paragraph of answer alleged appellee was not struck by a land motor vehicle but was injured by the falling of his automobile upon him when the supporting jack slipped. All of this was provable un-

der the first paragraph of appellants' answer and said third paragraph was redundant.

We think that the verdict of the jury was not sustained by sufficient evidence and, therefore, that it was contrary to law. Other questions were proposed and discussed by the parties but our conclusion renders their consideration unnecessary and inefficacious.

Judgment reversed and cause remanded with instructions to sustain appellants' motion for a new trial and for further proceedings.

Hunter, P. J., Mote and Pfaff, JJ., concur.

NOTE.—Reported in 196 N. E. 2d 81.